# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LLOYD STREATER. | No. 3:97-CR-232-1 (MPS) |

## ORDER REDUCING SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

On December 17, 1999, Defendant Lloyd Streater ("Mr. Streater") was convicted of three counts of drug-related offenses. Count 1 charged Mr. Streater with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Counts 2 and 3 charged him with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Mr. Streater was sentenced by Judge Ellen Burns on May 25, 2000 to 480 months' imprisonment on Counts 1 and 2, and 240 months' imprisonment on Count 3, with all terms to run concurrently. Judge Burns also imposed a term of supervised release of 5 years on Count 1, 4 years on Count 2, and 3 years on Count 3, with all terms to run concurrently.

On June 12, 2019, Mr. Streater filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guideline. Section 3582(c)(2) provides

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1

18 U.S.C. § 3582(c)(2). Under 28 U.S.C. § 994(o), the United States Sentencing Commission (the "Commission") is charged with periodically reviewing and revising the Guidelines. "When a revision reduces the Guidelines range for a given offense, the Commission must determine 'in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.'" *Dillon v. United States*, 560 U.S. 817, 820 (2010) (quoting 28 U.S.C. § 994(u)). The Commission's policy with respect to 18 U.S.C. § 3582(c)(2) is set forth in U.S.S.G. § 1B1.10 and is binding under the terms of the statute. *See Dillon*, 560 U.S. at 827 (explaining that a court's power under § 3582 is constrained by the Commission's decision to amend the Guidelines and apply the decision retroactively, as well as the Commission's statements dictating "by what amount the sentence . . . may be reduced." (quotation marks omitted)).

As set forth in U.S.S.G. § 1B1.10, in applying 18 U.S.C. § 3582(c)(2), the Court must undertake a two-step inquiry. *See Dillon*, 560 U.S. at 827. At step one, the Court determines whether the defendant was sentenced under a provision of the Guidelines that the Commission subsequently amended, and whether that amendment was made retroactive. *Id.*; U.S.S.G. § 1B1.10(d) (setting forth Guidelines Amendments that apply retroactively). The Court then calculates an amended guideline range by substituting only the uideline provision made retroactive while leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). At step two, the Court must "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 527. In exercising this discretion, the Court considers the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger posed to any person or the community by the defendant, and the post-sentencing conduct of the defendant. *See* U.S.S.G. § 1B1.10 Application Note 1.

In Mr. Streater's case, Judge Burns applied the Sentencing Guidelines Manual effective November 1, 1998. She found that Mr. Streater was responsible for 120 kilograms of cocaine, and his base offense level was therefore 36 under the then-effective U.S.S.G. §§ 1B1.3 and 2D1.1(c). Judge Burns added four additional levels under U.S.S.G. 3B1.1(a) because Mr. Streater had a leadership role in the conspiracy. She added an additional two levels because she concluded that Mr. Streater committed perjury at trial. U.S.S.G. § 3C1.1. Mr. Streater's total offense level was therefore 42. With a criminal history category I, his guideline range was 360 months to life imprisonment.

The parties agree that Mr. Streater is eligible for a sentencing reduction under 18 U.S.C. § 3582(c)(2). In 2014, the Commission amended Section 2D1.1(c) of the guidelines, effectively reducing the base offense for all drug amounts by two levels. *See* U.S.S.G. Supplement to Appendix C, Amendment 782. The Commission determined that the amendment should be made retroactive. U.S.S.G. § 1B1.10(d). Under the amended Section 2D1.1(c), Mr. Streater's base offense assuming he was responsible for 120 kilograms of cocaine would be 34. "All other guideline applications decisions remain unaffected." U.S.S.G. § 1B1.10 Application Note 2. Thus, four levels are added because Mr. Streater played a leadership role in the conspiracy, and two levels are added because Mr. Streater committed perjury at trial. The amended total offense level is 40. With a criminal history category I, the amended guideline range is 292 to 365 months.

Having determined that Mr. Streater is eligible for a sentencing reduction, I hereby exercise my discretion to resentence him to 306 months imprisonment. Like Judge Burns's original sentence, this term of imprisonment falls within the Guidelines range. I have reached this decision based on my consideration of the factors set forth in 18 U.S.C. § 3553(a), including by reviewing Mr. Streater's personal history set forth in his original pre-sentence report and the nature and

circumstances of his offense. I have also reviewed his progress report from the Bureau of Prisons dated July 15, 2019, as well as letters of support submitted on his behalf from his friends and family.

In imposing a sentence of 306 months, I expect that Mr. Streater will receive credit for the time he has served since his arrest on November 21, 1997, and that he will receive credit toward the service of his sentence for satisfactory behavior. *See* 18 U.S.C. §§ 3585 & 3624. In light of Mr. Streater's progress report from the Bureau of Prisons, I anticipate that he will be eligible for imminent release. In particular, I have determined that the period of incarceration that Mr. Streater has already served is sufficient to comply with the purposes of sentencing. *See* 18 U.S.C. § 3553(a)(2).

Within 30 days of Mr. Streater's release, the United States Probation Office is directed to petition the Court to hold a hearing to discuss Mr. Streater's reentry and assess whether any modification of the conditions of his supervised release is necessary. Mr. Streater shall attend the hearing.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          August 9, 2019